1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY GENE GRAHAM,

11              Plaintiff,                     No. CIV S-09-3025 DAD (TEMP) P

12        vs.

13   SHASTA COUNTY SHERIFF'S
     DEPARTMENT, et al.,
14

15              Defendants.               ORDER

16   _____/

17              Plaintiff is currently incarcerated at the Shasta County Jail and is proceeding pro

18   se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed May

19   13, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff

20   has now filed an amended complaint.

21              The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

                                                1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain

9    more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

10   of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

11   words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements do not suffice."  Ashcroft v. Iqbal,  ___ U.S. ___, ___,129 S. Ct. 1937, 1949 (2009).

13   Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550

14   U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15   the court to draw the reasonable inference that the defendant is liable for the misconduct

16   alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon

17   which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551

18   U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see

19   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20   The court finds the allegations in plaintiff's amended complaint so vague and

21   conclusory that it fails to state a claim upon which relief can be granted.  Although the Federal

22   Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and

23   state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733

24   F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

25   overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's amended

26   /////

1  complaint must be dismissed.  The court will, however, grant leave to file a second amended

2  complaint.

3         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

4  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

5  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

6  must allege in specific terms how each named defendant is involved.  There can be no liability

7  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

8  actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

9  633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

10 Furthermore, vague and conclusory allegations of official participation in civil rights violations

11 are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12        Plaintiff claims certain defendants retaliated against plaintiff for exercise of his

13 First Amendment rights.  Plaintiff is informed that "[a] prisoner suing prison officials under

14 section 1983 for retaliation must allege that he was retaliated against for exercising his

15 constitutional rights and that the retaliatory action does not advance legitimate penological goals,

16 such as preserving institutional order and discipline.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.

17 2003).  Plaintiff must also allege he suffered harm as a result of the claimed retaliation.  Rhodes

18 v. Robinson, 408 F.3d 559, 568 n. 11 (9th Cir. 2005).

19        Plaintiff asserts claims against persons who represented him in criminal

20 proceedings.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege he was

21 deprived of a right secured to him by the Constitution or other federal laws, and that the person

22 who committed the deprivation acted under the color of state law.  West v. Atkins, 487 U.S. 42,

23 48 (1998).  An attorney's representation of a non-governmental litigant generally cannot by

24 characterized as "under color of state law."  See Polk County v. Dodson, 454 U.S. 312, 325

25 (1981) (public defenders do not act under color of state law for purposes of § 1983); Kimes v.

26 Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are generally private, not state, actors).

3

1          Plaintiff claims he has been deprived of property by certain defendants.  The

2    United States Supreme Court has held that "an unauthorized intentional deprivation of property

3    by a state employee does not constitute a violation of the procedural requirements of the Due

4    Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

5    loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides

6    a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute

7    actionable violations of the Due Process Clause.  The California Legislature has provided a

8    remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

9    An authorized deprivation is one carried out pursuant to established state procedures, regulations,

10   or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City

11   of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

12         Plaintiff asserts some claims which call into question his criminal conviction.

13   Plaintiff is informed that in Heck v. Humphrey, 512 U.S. 477 (1994) the Supreme Court found

14   that a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's

15   conviction is not cognizable unless the plaintiff can show his conviction has been reversed.  Id. at

16   486-87.

17         Plaintiff also identifies the Shasta County Sheriff's Department as a defendant in

18   this action.  Under Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978) a local

19   government is liable for damages under 42 U.S.C. § 1983 only where a violation of constitutional

20   rights resulted from a policy or custom of that government.

21         Plaintiff shall consider all of the foregoing in drafting his second amended

22   complaint.  Also, plaintiff is informed that the court cannot refer to a prior pleading in order to

23   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

24   complaint be complete in itself without reference to any prior pleading.  This is because, as a

25   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original

1  pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

2  in an original complaint, each claim and the involvement of each defendant must be sufficiently

3  alleged.

4          In accordance with the above, IT IS HEREBY ORDERED that:

5          1.  Plaintiff's amended complaint is dismissed; and

6          2.  Plaintiff is granted thirty days from the date of service of this order to file a

7  second amended complaint that complies with the requirements of this order, the Civil Rights

8  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

9  complaint must bear the docket number assigned this case and must be labeled "Second

10 Amended Complaint"; plaintiff must file an original and two copies of the second amended

11 complaint; failure to file a second amended complaint in accordance with this order will result in

12 a recommendation that this action be dismissed.

13 DATED: March 15, 2011.

14

15

16

      _Dale A. Drozd_

      DALE A. DROZD

      UNITED STATES MAGISTRATE JUDGE

17 DAD:kc
   grah3025.14

18

19

20

21

22

23

24

25

26